## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PIKEVILLE DIVISION

CHRISTINE MULLINS          )

                            )

       Plaintiff,         )    CASE NO: _____

                            )

v.                       )    ***ELECTRONICALLY FILED***

                            )

                            )

LOWE'S HOME CENTER, LLC    )

d/b/a LOWE'S OF PIKEVILLE    )

                            )

       Defendants.     )

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, ("Lowe's") by counsel, hereby removes this action from Pike County, Kentucky, Circuit Court to the United States District Court for the Eastern District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1.    Plaintiff commenced this action on or about December 17, 2021 by filing her complaint in the Pike Circuit Court, Civil Action No. 21-CI-01063.  Defendant Lowe's was served with the complaint on December 23, 2021, a true and correct copy of which is attached as Exhibit A.

2.    The complaint alleges that on December 20, 2020, plaintiff was injured when she "was caused to fall" while at Lowe's. *See*, Complaint, attached as Exhibit A, at ¶8.

## TIMELINESS OF REMOVAL

3.    Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

5. This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Lowe's of Plaintiff's answers to Defendant's Requests for Admission, which was the paper from which it could first be ascertained that the case is one which has become removable. *See*, Plaintiff's answers and responses to Lowe's Requests for Admission attached as Exhibit B. Plaintiff's answers and responses to Lowe's written discovery requests were received by the undersigned counsel on August 4, 2022. Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on December 17, 2021.

## VENUE

6. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(1)(A) and 3.2(b) of the Joint Local Rules of Civil Practice because the Eastern District of Kentucky is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

2

7.     This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

8.     Plaintiff is an individual who is a citizen and resident of Pike County, Kentucky.  *See*, Complaint, Exhibit A, at ¶1.

9.     Defendant Lowe's Home Centers, LLC is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina.  Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky. *See*, Complaint, Exhibit A, at ¶2.

### AMOUNT IN CONTROVERSY

10.     In Plaintiff's response to Defendant Lowe's Requests for Admission, Plaintiff denied that the total amount in controversy relating to Plaintiff's claims against Defendant "does not now, and never will, exceed $75,000, exclusive of interest and costs." *See* Plaintiff's Answers to Requests for Admission, attached as Exhibit B. at p. 1. Further, Plaintiff also denied that he would "never accept or ask a jury for damages relating to your claims which would exceed $75,000, exclusive of interest and costs." *Id*.

11.     Further, Plaintiff's complaint claims as damages in this litigation "severe physical injuries, pain and suffering, mental anguish and permanent injuries." *Id*. at p. 3. She also seeks past, present, and future medical expenses; past,

present, and future pain and suffering; loss of enjoyment of life; pre- and post-judgment interest; costs; and punitive damages. *Id.*

12.     Given the extent of Plaintiff's injuries, evidenced by her claimed alleged damages, and Plaintiff's answers and responses to Defendant Lowe's discovery requests, the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER MATTERS

13.     Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit C.

14.     In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court for Pike County, Kentucky.

15.     Defendant Lowe's is serving all other parties with written notice of the removal of this action.

16.     This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

STEPTOE & JOHNSON PLLC

*/s/ Nathaniel R. Kissel, Esq.*
Nathaniel R. Kissel, Esq.
P.O. Box 1049
Hindman, KY 41822
Nate.kissel@steptoe-johnson.com

*Counsel for Defendant Lowe's*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2022, a copy of the foregoing *Notice of Removal* was filed electronically with the Court.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid.  Parties may access this filing through the Court's system:

Glenn Martin Hammond
Glenn Martin Hammond Law Office
5476 North Mayo Trail
PO Box 1109
Pikeville, Kentucky 41502
Counsel for Plaintiff

*/s/ Nathaniel R. Kissel, Esq.*
COUNSEL FOR LOWE'S